IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KAREN J. ANTHONY, | ) | |
| | ) | |
| Plaintiff, | ) | 4:11CV3064 |
| | ) | |
| V. | ) | |
| | ) | MEMORANDUM |
| THE CATTLE NATIONAL BANK & | ) | AND ORDER |
| TRUST CO., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The law firm of Perry, Guthery, Haase & Gessford, P.C., L.L.O. (the law firm) represents a party to this action. My wife and I have engaged in estate planning with two members of the law firm. My wife and I have made a testamentary appointment of one of those lawyers to serve as our personal representative and trustee. Under these circumstances, I have decided that I must recuse myself from this case. *See*, *e.g.*, *Compendium of Selected Opinions*, § 3.6-2 (November, 2009) (*Compendium*) (where an attorney-client relationship exists between a judge and a lawyer whose law firm appears in the case, the judge should ordinarily recuse absent remittal).

While recusal might not be required (or remittal of disqualification might be allowed) as a general matter because of the innocuous nature of estate planning, *cf. Compendium*, § 3.6-2 (h)(1) (stating that "[t]he standard is fact specific and may not give rise to a reasonable question of partiality where the representation does not relate to significant matters, is of short duration, or is otherwise minimal and casual."), the testamentary appointment of one of the law firm's members as a fiduciary makes this situation "a horse of a different color" and that convinces me that recusal (without the possibility of remittal) is the more appropriate course. Therefore,

IT IS ORDERED that I recuse myself from this case. The Clerk shall forward this matter to the Chief Judge for reassignment. The Clerk shall also provide Magistrate Judge Zwart with a copy of this memorandum and order.

DATED this 12th day of May, 2011.

BY THE COURT:

*Richard G. Kopf*
United States District Judge