## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KAREN J. ANTHONY, | ) | CASE NO. 4:11CV3064 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| THE CATTLE NATIONAL BANK & | ) | |
| TRUST CO., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant The Cattle National Bank & Trust Co.'s (the "Bank") Motion to Dismiss.  (Filing No. 11.)  As set forth below, the Motion is granted.

## I.   BACKGROUND AND SUMMARY OF COMPLAINT

Plaintiff filed this matter on May 2, 2011.  (Filing No. 1.)  After service, the Bank filed a Motion to Dismiss (Filing No. 5) and Plaintiff thereafter filed an Amended Complaint (Filing No. 10).  The Amended Complaint is the operative complaint in this matter.  This matter relates entirely to a loan made to Plaintiff by the Bank, Plaintiff's alleged default on that loan, and the Bank's eventual initiation of foreclosure proceedings on Plaintiff's personal residence located in Lancaster County, Nebraska.  (*Id.*)

The Bank filed its Motion to Dismiss the Amended Complaint on June 14, 2011, arguing, among other things, that dismissal is warranted because this court lacks subject matter jurisdiction.  (Filing No. 11.)  Plaintiff filed a Response to the Motion to Dismiss, asserting that the court has jurisdiction because her claims are brought pursuant to a federal statute.  (Filing No. 13.)

## II.   SUBJECT MATTER JURISDICTION

The Bank argues that the claims against it should be dismissed because, among other things, this court lacks subject matter jurisdiction.  (Filing No. 12.)  The court agrees.

### A.   Diversity of Citizenship Jurisdiction

As set forth in the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  The statutory provisions conferring jurisdiction on the federal courts "are strictly construed."  *Hedberg v. State Farm Mut. Auto. Ins. Co.*, 350 F.2d 924, 928 (8th Cir. 1965).  Subject matter jurisdiction may exist pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction.  For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant."  *Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001).  In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction.  28 U.S.C. § 1332(a).

As Plaintiff's Response to the Motion to Dismiss makes clear, Plaintiff does not allege that the court has diversity jurisdiction in this matter.  (Filing No. 13.)  Regardless, the Amended Complaint clearly alleges that the Bank is a "national bank" with its principal place of business in the city of Seward, Nebraska.  (Filing No. 10 at CM/ECF p. 1.)  As set forth in 28 U.S.C. § 1348, "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located."  *See also Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006) ("[W]e hold that a national bank, for § 1348 purposes, is a citizen of the State in which its

2

main office, as set forth in its articles of association, is located.).  Thus, the Bank is a citizen of the State of Nebraska.  Plaintiff also alleges that she is a citizen of the State of Nebraska.  (Filing No. 1 at CM/ECF p. 1.)  As such, the court finds that, although Plaintiff does not assert it as a basis of subject matter jurisdiction, diversity of citizenship jurisdiction does not apply.

      B.    *Federal Question Jurisdiction*

In addition to diversity of citizenship jurisdiction, subject matter jurisdiction may also exist where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986).  In her Amended Complaint, Plaintiff alleges that her claims are brought under 12 U.S.C. §24(4) and 12 U.S.C. §1831n(2)(A).

12 U.S.C. §1831n(2)(A) requires that "the accounting principles applicable to reports or statements required to be filed with Federal banking agencies by all insured depository institutions shall be uniform and consistent with generally accepted accounting principles." *Id.*  Although the Eighth Circuit has not addressed the issue, other courts have held that 12 U.S.C. §1831n(2(A) does not create a private right of action.  *See Velasquez v. U.S. Bank Nat'l Ass'n*, No. CV 09-1104 PSG, 2009 WL 1941807, *4 (C.D. Cal. July 1, 2009) (finding that "nothing in the text of" 12 U.S.C. § 1831n "suggests the existence of a private right of action against Defendant"); *Mathews v. Washington Mut. Bank, FA*, No. 05-100, 2006 WL 2380460, *4 (E.D. Pa. Aug. 14, 2006) (same).[1]  The court agrees with this

---

[1]The *Velasquez* court noted that the Southern District of California has implied, although not determined, that a private right of action may exist under 12 U.S.C. §

rationale and finds that 12 U.S.C. § 1831n(2)(A) does not create a private of action.  As

such, Plaintiff cannot proceed under the statute and it cannot be a basis for this court's

subject matter jurisdiction.

The same is true of Plaintiff's other asserted basis for federal question jurisdiction,

12 U.S.C. § 24(4).  This section states that a national bank has the power "[t]o sue and be

sued, complain and defend, in any court of law and equity, as fully as natural persons."

12 U.S.C. § 24(4).  As the Supreme Court has made clear, this statute does not allow

national banks to be sued in federal court without regard to normal subject-matter

jurisdiction rules.  *Wachovia*, 546 U.S. at 309-10.  As set forth in *Wachovia*:

> When Congress first authorized national banks in 1863, it specified that any
> suits, actions, and proceedings by and against them could be had in federal
> court.  National banks thus could sue and be sued in the federal district and
> circuit courts solely because they were national banks, without regard to
> diversity, amount in controversy or the existence of a federal question in the
> usual sense. . . . State banks, however, like other state-incorporated entities,
> could initiate actions in federal court only on the basis of diversity of
> citizenship or the existence of a federal question. . . . Congress ended
> national banks' automatic qualification for federal jurisdiction in
> 1882. . . . Under this measure, national banks could no longer invoke
> federal-court jurisdiction solely on the ground of their Federal origin, instead,
> for federal jurisdictional purposes, Congress placed national banks on the
> same footing as the banks of the state where they were located.

*Id.* (internal citations and quotations omitted).  Stated another way, national banks are

subject to same diversity and federal jurisdiction rules as other "persons," and 12 U.S.C.

§24(4) is not an independent jurisdictional grant to the federal courts over national banks.

---

1831n(2)(A).  *Velasquez*, 2009 WL 1941807 at *4 (citing *Mamerto v. Deutsche Bank Nat'l
Trust Co.*, No. 08-CV-00589-H, 2009 WL 1582911, at *5 (S.D. Cal. June 4, 2009) and
*Metcalf v. Drexel Lending Group*, No. 08-CV-00731, 2008 WL 4748134, at *3 (S.D. Cal.
Oct. 29, 2008)).  The court has carefully reviewed those decisions and finds that they do
not alter the decision set forth in this Memorandum and Order.

Therefore, Plaintiff cannot assert this statute as a basis for federal question jurisdiction in this matter.

Plaintiff's Amended Complaint is brought to "quiet title" and asserts only a state-law fraud claim in an attempt to stop the Bank's foreclosure on her home.  Plaintiff has not established that this court has subject matter jurisdiction over her claims and this matter must therefore be dismissed.

IT IS THEREFORE ORDERED that:

1.    Defendant The Cattle National Bank & Trust Co.'s Motion to Dismiss Plaintiff's Amended Complaint (Filing No. 11) is granted and Plaintiff's Amended Complaint is dismissed without prejudice to reassertion in the proper forum;

2.    A separate judgment will be entered in accordance with this Memorandum and Order; and

3.    All other pending motions are denied without prejudice to reassertion in the proper forum.

DATED this 22nd day of August, 2011.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.